UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNY LIN, an individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 5266 ) |
| RICHARD MARGARITONDO, an individual, | ) Judge Rebecca R. Pallmeyer ) ) |
| Defendant. | ) |

## MEMORANDUM AND OPINION ORDER

Plaintiff Kenny Lin filed this action to collect on a promissory note (the "Note") executed by Defendant Richard Margaritondo on or about October 6, 2000. Plaintiff demands payment of $148,875 in principal and interest owed under the Note as of August 9, 2004, plus additional interest of $20.54 per day after that date. Defendant contends that he and Lin agreed in July 2003 that Horizon Machinery Company ("Horizon") would assume responsibility for repayment under the Note, and that this novation relieved Defendant of any further repayment obligation. Lin denies that he relinquished any rights under the Note and seeks summary judgment in his favor. For the reasons set forth below, the motion is granted.

## FACTUAL BACKGROUND

Margaritondo resides in Illinois and owns Horizon, a company that purchases wholesale manufacturing machinery for distribution to manufacturers. (Defendant's Statement of Material Facts (hereinafter, "Def.'s 56.1") ¶¶ 2-3.) Lin, a citizen of Taiwan, Republic of China, owns a Taiwanese company known as Simco Spring Machinery Company ("Simco"), which is in the business of selling wholesale machinery to distributors like Horizon. (Id. ¶¶ 4-5.) Simco regularly sold machinery to Horizon on credit. (Id. ¶ 6.)

On or about October 6, 2000, Defendant executed a promissory note agreeing to pay Lin the principal amount of a loan totaling $150,000, plus a 6% interest rate. (Plaintiff Kenny Lin's

Statement of Material Facts (hereinafter, "Pl.'s 56.1") ¶ 4.) Defendant received the loan proceeds, but he has not repaid Lin as required under the terms of the Note. Specifically, Lin has not received $148,875 in principal and interest due as of August 9, 2004, or the per diem interest of $20.54 per day due after that date. (*Id.* ¶¶ 5-7.)

Defendant's only defense to the repayment obligation is that the Note was cancelled pursuant to a novation in which Horizon agreed to assume Margaritondo's loan obligation to Lin in July 2003. (*Id.* ¶ 8.) At that time, Defendant was delinquent under the terms of the Note, owing approximately $125,000. (Def.'s 56.1 ¶ 8.) As a result, Lin and Tony Jeng ("Jeng"), a Simco employee, went to Defendant's office at 533 West Golf Road in Arlington Heights, Illinois, to discuss, among other things, all outstanding financial issues. (*Id.* ¶¶ 7, 9.) According to Defendant, at some point during the meeting, Lin stated that he authorized Jeng to negotiate all the financial issues involving Defendant and Horizon. Shortly thereafter, Lin left the meeting. (*Id.* ¶¶ 10, 11.)

Defendant claims that while Lin was away, he and Jeng agreed that Horizon would pay $125,000 plus interest on the Note, and that Simco would accept this payment in lieu of Lin's obligation under the Note. (*Id.* ¶ 12.) Jeng and Defendant also agreed that Simco would release its liens on certain machinery that Simco had sold to Horizon in exchange for certain other payments not at issue in this lawsuit. (*Id.* ¶ 13.) Under the terms of this purported new agreement, Horizon was to make the following payments on the Note: $7,500 on December 1, 2003; $15,750 on June 1, 2004; $57,500 on December 1, 2004; and $79,500 on December 1, 2005. (*Id.* ¶ 14.) At Jeng's request, Horizon gave Jeng four post-dated checks, drawn on Horizon's business checking account, for each of the four Note payments contemplated by the new agreement with Horizon. (*Id.* ¶ 15.)

Lin denies that he relinquished his rights under the Note (Pl.'s 56.1 ¶ 10), and it is undisputed that he never signed any document to that effect. (Def.'s Response to Pl.'s Statement of Material Facts (hereinafter, "Def.'s 56.1 Resp.") ¶ 9.) The court has diversity jurisdiction over this

dispute pursuant to 28 U.S.C. § 1332, and Lin's motion for summary judgment is now ripe for review.

## DISCUSSION

### A. Standard of Review

A motion for summary judgment will be granted only if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Lewis v. Holsum of Fort Wayne, Inc.*, 278 F.3d 706, 709 (7th Cir. 2002). The court must consider the evidence and draw all reasonable inferences in favor of the nonmoving party. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001). In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986).

### B. Novation

Defendant claims that he is no longer liable to Lin under the Note because the parties entered into a valid novation. (Def.'s Response to Pl.'s Motion for Summary Judgment (hereinafter, "Def.'s Memorandum), at 1.) Under Illinois law, which the parties agree governs the Note, a novation is the substitution of a new obligation for one already in existence, which is thereby extinguished. *Cincinnati Ins. Co. v. Leighton*, 403 F.3d 879, 887 (7th Cir. 2005) (citing *Faith v. Martoccio*, 21 Ill. App. 3d 999, 1003, 316 N.E.2d 164, 167 (2d Dist. 1974)). The party establishing a novation defense must prove the following four elements by a preponderance of the evidence: "(1) a previous, valid obligation; (2) a subsequent agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract." *Id.* (quoting *Phillips and Arnold, Inc. v. Frederick J. Borgsmiller, Inc.*, 123 Ill. App. 3d 95, 101, 462 N.E.2d 924, 928 (5th Dist. 1984)).

Defendant has not established a genuine issue of fact as to whether the parties executed a novation in this case. To the contrary, there is no evidence that Lin agreed to release Defendant

3

from his obligation under the Note and substitute Horizon as his debtor, or that Lin entered into a new agreement with Horizon that somehow extinguished Defendant's debt. *See Cincinnati Ins. Co.*, 403 F.3d at 887 (citing *Phillips and Arnold*, 123 Ill. App. 3d at 101, 462 N.E.2d at 928-29) ("For there to be a novation, the obligee must assent to the substitution and agree to release the obligor.") Defendant did produce evidence that he signed four post-dated checks payable to Simco and drawn on Horizon's bank account, but that merely indicates that he himself intended to cancel the Note, not that Lin did.

Defendant argues that Jeng, acting on behalf of Lin, orally agreed to substitute Horizon as the debtor under the Note. As a preliminary matter, such an agreement would violate the statute of frauds. Under Illinois law, "a promise to pay the debt of another which is not written and signed cannot be enforced either in law or in equity." *Hartbarger v. SCA Services, Inc.*, 200 Ill. App. 3d 1000, 1015, 558 N.E.2d 596, 606 (5th Dist. 1990) (citing *Brown & Shinitzky Chartered v. Dentinger*, 118 Ill. App. 3d 517, 519, 455 N.E.2d 128, 129 (1st Dist. 1983)). *See also Greenberger, Krauss & Tenenbaum v. Catalfo*, 293 Ill. App. 3d 88, 94, 687 N.E.2d 153, 158 (1st Dist. 1997) ("The statute of frauds provides that a party may not bring an action based on one's promise to pay the debts of another unless that promise is in writing.")

Defendant insists that the court did not require a written novation in *Kroll v. Sugar Supply Corp.*, 116 Ill. App. 3d 969, 452 N.E.2d 649 (1st Dist. 1983), a case involving a plaintiff who entered into a three-year employment agreement with the defendant. Before the three-year period expired, the defendant sold most of its assets to a third party pursuant to a written purchase agreement stating that the purchaser would "assume" certain obligations of the defendant, including the plaintiff's employment contract. *Id.* at 971, 452 N.E.2d at 650. When the plaintiff later sued the new company over the calculation of his bonus payments, the court held that the purchase agreement operated as a novation, and that the bonus was properly calculated based on the earnings of the new company. *Id.* at 974-75, 452 N.E.2d at 653.

To the extent the parties in *Kroll* entered into a novation pursuant to a written purchase agreement, that case does not support Defendant's statute of frauds argument here. For similar reasons, *Utica Mutual Ins. Co. v. Vigo Coal Co.*, 393 F.3d 707 (7th Cir. 2004), which involved two written contracts governed by Indiana law, the second of which operated as a novation of the first, does nothing to advance Defendant's position. *Id.* at 709, 711. It is undisputed that Defendant did not enter into a written agreement with Lin, Jeng, or anyone else in July 2003 sufficient to create a valid novation.

In addition to the statute of frauds problem, there is no evidence of any actual agreement between Defendant and Jeng, written or otherwise. In fact, in Defendant's Rule 26(a)(1) disclosures, he did not identify Jeng as a person with knowledge of the novation, but only as someone with knowledge of "Simco's plans and actions with respect to their competition against Horizon." (Plaintiff's Reply Memorandum, at 3, citing Defendant's Rule 26(a)(1) disclosures, at 3.) Significantly, Defendant identified Lin as having the exact same knowledge as Jeng. (Defendant's Rule 26(a)(1) disclosures, at 3.) Even assuming, moreover, that Jeng did agree that Simco would accept payments from Horizon in satisfaction of Defendant's obligations, that would not be sufficient to extinguish Defendant's underlying obligations to Lin. "When a third party contracts with a debtor or obligor to assume his obligation and perform it in his place, the mere acquiescence in such an assumption by the creditor (obligee) is not an assent to a novation, nor is his mere acceptance of a part payment made by a third party." *Phillips and Arnold*, 123 Ill. App. 3d at 101-102, 462 N.E.2d at 929 (quoting 6 A. CORBIN, CONTRACTS sec. 1297, at 214 (1962)). Defendant has not raised any genuine issues of fact as to whether the parties entered into a novation and, thus, he must pay Lin the amounts due under the Note.

## CONCLUSION

For the reasons set forth above, Defendant cannot establish the affirmative defense of novation and Lin's motion for summary judgment (Docket No. 31) is granted.

ENTER:

Dated: May 6, 2005

REBECCA R. PALLMEYER
United States District Judge